IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

RICHARD CHARLES CARTER           §

v.                               §        CIVIL ACTION NO. 6:13cv548

DIRECTOR, TDCJ-CID               §


MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Richard Carter, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Carter was convicted of delivery of a controlled substance in a drug-free zone, receiving a sentence of life imprisonment. His conviction was affirmed by the Twelfth Judicial District Court of Appeals on June 9, 2011, and his petition for discretionary review was refused by the Texas Court of Criminal Appeals on October 26, 2011. He filed a state habeas corpus petition on April 24, 2012, which was denied without written order on July 18, 2012.

On January 15, 2013, Carter filed in the federal district court a "motion for appellate records," asking the federal court to order the clerk of the state court to send Carter a copy of the appellate record. Carter subsequently moved to dismiss this case and it was dismissed on April 9, 2013. Carter signed his federal habeas petition on July 16, 2013.

The Respondent was ordered to answer Carter's petition and did so, arguing that the statute of limitations has expired and that Carter's claim lacks merit on its face. Carter did not file a

response to the answer, but argued in his original petition that he filed a motion in the trial court on January 31, 2013, trying to obtain the record, but that this motion was "shared" with the federal court, for which he was not ready.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Carter's petition be dismissed. The Magistrate Judge concluded that the statute of limitations had expired because the limitations period ended on April 19, 2013, but Carter did not sign his petition until July 16, 2013, almost three months later. The Magistrate Judge also determined that Carter's claim lacked merit on its face. Carter complained in his petition that there was no "initial written statement" commencing his prosecution, as required by Articles 2.04 and 2.05 of the Texas Code of Criminal Procedure, but the state court records show that Carter was indicted by a grand jury, which satisfies the due process requirements of the Fifth and Fourteenth Amendments. To the extent that Carter complained of a violation of state law, the Magistrate Judge concluded that this assertion did not set out a valid claim for federal habeas corpus relief.

Carter filed objections to the Magistrate Judge's Report on November 6, 2013. In his objections, Carter says that in November of 2012, he filed a bar grievance against his attorney, but it was denied because the lawyer, Mitchell Collins, no longer practices law in the State of Texas. He filed a motion in state district court on January 16, 2013, asking for a copy of the statement of facts, but it was denied on January 30, 2013. He argues that without proper files, transcripts, or reports, he was "procedurally denied access to the courts." Carter's objections do not address the Magistrate Judge's determination that his petition lacks merit on its face.

On November 13, 2013, Carter filed a "motion for stay and abeyance." In this motion, Carter argues that there are "unresolved facts" and that there are motions to be filed with the trial court as well as a mandamus application to be filed with the Texas Court of Criminal Appeals in an effort to obtain the reporter's record, and "other issues which have not been exhausted, which the State's highest court would be given the opportunity to correct, meritorious claims showing deprivation of state and federal constitutional rights." That same date, Carter filed a "motion to resubmit petition."

In this motion, Carter states that his original petition was "filed in haste" and that "claims of unconstitutional judgment and sentence were not addressed in a procedurally correct manner." He states that he will show how violations of state law resulted in a violation of due process under the Fourteenth Amendment, as well as the infliction of cruel and unusual punishment and the constructive denial of counsel. Carter maintains that the cumulative errors and their effects resulted in constitutional infractions, but does not identify any specific claims concerning an unconstitutional judgment or sentence, much less indicate how any violations of state law resulted in constitutional violations. Carter does not attach a copy of a proposed amended petition to his motion to re-submit his petition.

Carter's November 6 objections are without merit. The fact that he filed a grievance with the State Bar of Texas has no effect upon the statute of limitations. *See, e.g.*, *Gomez v. Scribner*, civil action no. 06CV283, 2008 WL 239629 (S.D.Cal., January 29, 2008, *Report adopted by* 2008 WL 4534059 (S.D.Cal., October 6, 2008) (stating that "any claims petitioner pursued against his attorney at the State Bar are independent of his duty to diligently pursue his claims in his habeas petition); *cf. Torres v. Platten*, civil action no. 6:10cv456, 2010 WL 5185037 (E.D.Tex., December 14, 2010) (bar grievance does not toll limitations period for §1983 lawsuit). More significantly, Carter does not object to the Magistrate Judge's conclusion that his habeas petition lacks merit on his face, which conclusion was correct.

Carter's motion for stay and abeyance also lacks merit. Stay and abeyance is a procedure whereby the the district court has discretion to stay a mixed petition (i.e. one containing both exhausted and unexhausted claims) to allow the petitioner to present the unexhausted claims to the state court. *Rhines v. Weber*, 125 S.Ct. 1528, 1535 (2005). Carter has presented no unexhausted claims, so there is nothing to hold in abeyance.

Finally, Carter filed a motion to re-submit his petition, but does not attach a copy of his proposed amended petition, as required by Local Rule CV-7(k). Nor does he explain what new claims he wishes to bring or show cause why any such claims could not have been brought in a more

timely manner, rather than waiting over two years after the conclusion of his direct appeal. Even assuming that Carter meant his motion for stay and abeyance to refer to the claims which he intended to bring in his amended petition, he has shown no basis for a stay when the limitations period expired prior to his filing of the original petition. Carter's objections to the Magistrate Judge's Report and filings after that Report issued are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 10) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Richard Carter is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 9th day of December, 2013.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

4